# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM A. WHITE, #13888-084, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18-cv-01682-JPG |
| USA, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William A. White is an inmate in the custody of the Federal Bureau of Prisons (BOP) and currently incarcerated at the United States Penitentiary located in Marion, Illinois (USP-Marion). On March 5, 2019, Plaintiff, represented by counsel, filed an Amended Complaint (Doc. 14) against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiff's FTCA claims arise from the negligent spoliation of evidence, denial of medical care, and infliction of emotional distress by officials at three BOP facilities. (*Id.*).

The Amended Complaint[1] is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous

---

[1] The Amended Complaint (Doc. 14) supersedes and replaces the original Complaint (Doc. 1) and renders it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Before the Court screened the Complaint, Plaintiff's attorney entered an appearance and requested additional time to file a certificate of merit required for the Illinois medical negligence claims under 735 ILCS 5/2-622. The Court granted the request for an extension until March 4, 2019, and deferred preliminary review of the Complaint until after that deadline expired. Instead of filing a certificate of merit, however, Plaintiff filed an Amended Complaint (Doc. 14) in March 2019 and request for a second extension of the deadline to file the certificate of merit. The Court granted this request and extended the deadline until June 3, 2019. Prior to the expiration of the second extended deadline, Plaintiff filed a motion seeking a third extension. Plaintiff's request for a third extension will be addressed in this Merits Review Order.

1

or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Amended Complaint**

According to the allegations set forth in the Amended Complaint (Doc. 14, pp. 1-34), Plaintiff has been an inmate in the custody of the BOP or United States Marshal Service (USMS) since October 2008.[2] He has been housed at numerous BOP facilities during this time period. Throughout his incarceration, Plaintiff has been subjected to the use of restricted environmental stimuli (RES) and conditions of confinement that amount to torture. He has also been denied medical care and mental health treatment. (*Id.*).

Plaintiff filed at least two other FTCA cases in this District to address similar claims. *See White v. United States*, No. 16-cv-0968-JPG (S.D. Ill. 2016) ("2016 case"); *White v. United States*, No. 17-cv-00683-JPG-MAB (S.D. Ill. 2017) ("2017 case"). The 2016 case was dismissed, and the 2017 case remains pending. In the instant case, Plaintiff complains that BOP officials did not preserve evidence necessary for Plaintiff to prevail on his claims in the 2016 case, 2017 case, and/or a third case.[3] He also claims that BOP officials have denied him medical care and inflicted emotional distress at the Metropolitan Corrections Center in Chicago, Illinois (MCC-Chicago), Federal Correctional Institution in Beckley, West Virginia (FCI-Beckley), and United States Penitentiary in Marion, Illinois (USP-Marion). He brings the following claims in this action:

**Count 1:**  FTCA claim arising under Illinois law for the negligent spoliation of evidence (*i.e.*, records requested in Plaintiff's 2013 and 2016 Freedom of Information Act request) by officials at MCC-Chicago.

---

[2] Plaintiff notes only two exceptions; he was released from custody for six days in 2009 and for approximately fourteen months from April 20, 2011 until June 9, 2012. (Doc. 14, pp. 3-4, at n.1-2).
[3] Plaintiff refers to *White v. True*, No. 17-cv-126 (S.D. Ill. 2017), but the Court found no record of this case in the Southern District of Illinois.

| | |
|---|---|
| **Count 2:** | FTCA claim arising under Illinois law for the negligent spoliation of evidence (*i.e.*, incident reports) by officials at USP-Marion. |
| **Count 3:** | FTCA claim arising under West Virginia law for medical negligence that occurred at FCI-Beckley from September 2010 through December 9, 2010. |
| **Count 4:** | FTCA claim arising under West Virginia law for the negligent infliction of emotional distress that occurred at FCI-Beckley from September 2010 through December 9, 2010. |
| **Count 5:** | FTCA claim arising under Illinois law for medical negligence that occurred during Plaintiff's incarceration at MCC-Chicago from December 17, 2010 through April 20, 2011. |
| **Count 6:** | FTCA claim arising under Illinois law for the negligent infliction of emotional distress by officials at MCC-Chicago from December 17, 2010 through April 20, 2011. |
| **Count 7:** | FTCA claim arising under Illinois law for medical negligence that occurred during Plaintiff's incarceration at USP-Marion beginning on June 28, 2016. |
| **Count 8:** | FTCA claim arising under Illinois law for the negligent infliction of emotional distress by officials at USP-Marion beginning on June 28, 2016. |

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Exhaustion of Remedies

Federal prisoners may bring suit against the United States under the FTCA for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id*; 28 U.S.C. § 2675(a). Plaintiff alleges that he has complied with this requirement with respect to all of his claims. (Doc. 14, pp. 2-3; Doc. 15-1; Doc. 15-2; Doc. 15-3). Plaintiff's "final denial of claim" letters, dated March 20, 2018 (Doc. 15-1); March 20, 2018 (Doc. 15-2), and August 31, 2018 (Doc. 15-3), are attached as exhibits to the Amended Complaint.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Applicable Law[5]**

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence or malpractice occurred. 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Illinois law applies to the claims in Counts 1-2 and 5-8 because all four claims arose at BOP facilities located in Illinois. West Virginia law applies to Counts 3 and 4.

**Counts 1 and 2**

Under Illinois law, a spoliation claim is a form of negligence and requires the plaintiff to establish duty, breach, causation, and damages. *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012). As a general rule, there is no duty to preserve evidence in Illinois. However, an exception arises when "an agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant." *Id*. In such cases, an official owes a "duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995).

Further, a spoliation claim is a derivative claim that arises out of another cause of action. It does not give rise to an independent cause of action. *Id*. Because a negligent spoliation claim is connected to the merits of the underlying suit, courts have struggled to determine whether the claim "may" or "must" be brought with the underlying claim. *See, e.g., Convergence Aviation, Ltd. v. Pratt & Whitney Canada Corp.*, 2013 WL 6050687, at *5 (N.D. Ill. 2013) (concluding that negligent spoliation claim could be adjudicated without the underlying claim); *Boyd*, 652 N.E.2d

---

[5] Regardless of which state law applies to the claim, Plaintiff's FTCA action was properly brought in this District. 28 U.S.C. § 1402(b) provides that a civil action on a tort claim under 1346(b) "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The Amended Complaint demonstrates Plaintiff is housed in the Southern District of Illinois.

4

at 269-70 (the two claims "may" be brought together); *Miller v. Gupta*, 672 N.E. 1229 (Ill. 1996) ("[N]owhere does the court articulate that the underlying claim must be brought with the spoliation claim"). The debate stems from the fact that the negligent spoliation claim fails if the underlying suit lacks merit regardless of the lost or destroyed evidence. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) (citing *Gawley v. Ind. Univ.*, 276 F.3d 301, 316 (7th Cir. 2001)).

According to the Amended Complaint, BOP officials at MCC-Chicago and USP-Marion failed to produce maintenance records and incident reports in response to Plaintiff's requests. These records were an integral part of his claims in his 2016 case, *White v. United States*, Case No. 16-cv-948-JPG (S.D. Ill.), and/or his 2017 case, *White v. United States*, Case No. 17-683-JPG-MAB (S.D. Ill.). The allegations suggest that BOP officials owed and breached a duty of due care to Plaintiff, contributing to the dismissal or one or more suits. He brings a claim against the United States for the BOP officials' negligent spoliation of this evidence in Counts 1 and 2.

Although the best practice is to pursue the spoliation and underlying claims together, Plaintiff's 2016 case is now closed and his 2017 case is now subject to a motion to dismiss. Therefore, the Court will allow Counts 1 and 2 to proceed in this action. Future developments, briefing, or considerations may result in the severance of these claims into one or more new cases or consolidation of Count 1 and/or 2 with another pending suit. For the time being, however, Counts 1 and 2 survive screening and will proceed against the United States herein.

**Count 7**

Plaintiff's FTCA claim arising from medical negligence at USP-Marion is also governed by Illinois law, which requires compliance with 735 Ill. Comp. Stat. § 5/2-622(a)-(b) (West 2017). Plaintiff filed an affidavit stating that he has been unable to consult with a medical

professional, faces an impending statute of limitations, and requires additional time to file the certificate of merit and/or report. In his Third Motion for Extension, Plaintiff seeks an additional ninety days. His request for another 90-day extension is denied, but a 60-day extension shall be granted. Plaintiff is **WARNED** that failure to file the required certificate on or before this deadline is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). And this dismissal shall be with prejudice. *Sherrod*, 223 F.3d at 614 (dismissal with prejudice is within sound discretion of court); *Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

**Count 8**

A plaintiff bringing a claim under Illinois law for negligent infliction of emotional distress must allege the "traditional elements" of negligence, including duty, breach, causation, and damages. *Schweihs v. Chase Home. Fin., LLC*, 2016 IL120041, at ¶ 31 (2016); *Harris v. United States*, No. 13-CV-8584, 2017 WL 770969, at *6 (N.D. Ill. Feb 28, 2017). The allegations in the Amended Complaint state a colorable FTCA claim against the United States for negligent infliction of emotional distress by USP-Marion officials since 2016. Count 8 survives screening.

**Counts 3, 4, 5 and 6**

Plaintiff cannot proceed with Counts 3, 4, 5, and 6 in this action. This Court previously dismissed an identical claim ("Count 2") against the United States with prejudice in the now-closed 2016 case. (Docs. 15, 21, 22, 2016 case). The Court held that Count 2 was barred by the applicable statute of limitations, and Plaintiff did not appeal this decision. When Plaintiff attempted to reassert the claim(s) as Counts 2 and 13 in his 2017 case, the Court dismissed both claims with prejudice at screening "as [still] barred by the statute of limitations because Plaintiff did not file an administrative claim with the Bureau of Prisons within the 2-year period following the

incident."[6]  (Doc. 16, pp. 14-15, 2017 case).  Counts 3, 4, 5, and 6 represents Plaintiff's latest attempt to revive Count 2 from the now-closed 2016 Case.  Counts 3 through 6 shall be dismissed *with prejudice*.

### Pending Motions

Plaintiff's Motions for Joinder (Docs. 2 and 5) are **DENIED** without prejudice.  Plaintiff is now represented by counsel, and his attorney may renew this request in a motion that sets forth the legal basis for joinder/consolidation and the facts that support his request.  *See United States v. Mosley,* 353 Fed. App'x 49, 53 (7th Cir. 2009) ("[A] defendant who is represented by counsel does not have the right to file his own pro se submissions.").

Plaintiff's Third Motion for Extension of Time (Doc. 18) is **GRANTED, in part,** and **DENIED, in part,** as set forth herein.

### Disposition

**IT IS ORDERED** that **COUNTS 1, 2, 7,** and **8** are subject to further review against Defendant **UNITED STATES OF AMERICA**.  With respect to **COUNT 7**, however, Plaintiff is **ORDERED** to comply with 735 ILL. COMP. STAT. § 5/2-622 within sixty days (on or before **August 19, 2019**) if he wishes to avoid dismissal of this claim with prejudice.  If a qualified medical professional is unwilling or unable to provide a certificate of merit and/or report without an in-person evaluation, Plaintiff is **ORDERED** to submit documentation to the Court within the next fourteen (14) days (on or before **July 2, 2019**) explaining why such an evaluation is necessary and what kind of arrangements are required to accommodate it.  These dates are firm.  If the Court does not receive these submissions by the deadlines, the Court will dismiss Count 7 with prejudice.

---

[6] He nevertheless reasserted the claims in a Second Amended Complaint filed in the 2017 case, and this prompted the United States to file a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and (6).

**IT IS ORDERED** that **COUNTS 3, 4, 5,** and **6** are **DISMISSED** with prejudice based on the Court's prior dismissal of Plaintiff's identical claim (Count 2) as time-barred in the 2016 case.

**IT IS FURTHER ORDERED** that Counsel for Plaintiff may initiate service of this lawsuit on the United States without further delay. Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2019**　　　　　　　　　　　　s/J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**