### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. WHITE, #13888-084,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-01682-JPG |
| | ) |
| **USA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on a Motion to Dismiss filed by Defendant United States of America. (Doc. 25). Defendant seeks dismissal of the Supplemented Amended Complaint (Docs. 14 and 23-1)[1] pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (*Id.*). For the reasons set forth below, Defendant's Motion to Dismiss shall be **GRANTED** in part and **DENIED** in part.

### BACKGROUND

On September 4, 2018, Plaintiff William White, a federal inmate housed in the Communications Management Unit at the United States Penitentiary in Marion, Illinois ("USP-Marion"), filed this action for deprivations of his rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.*, and the Administrative Procedures Act. (Doc. 1). Before the case was screened under 28 U.S.C. § 1915A, Plaintiff, by and through his attorney, requested leave to amend the Complaint, and the Court granted the motion on March 5, 2019. (Doc. 13). In the First Amended Complaint, Plaintiff

---

[1] The Court will refer to these documents together as the "First Amended Complaint" in this Order.

1

asserts claims under the FTCA for the spoliation of evidence, denial of medical care, and infliction of emotional distress by officials at three federal facilities. (Doc. 14).

More specifically, Plaintiff alleges that he was subjected to the use of restricted environmental stimuli ("RES"), conditions of confinement that amount to torture, and inadequate medical/mental health treatment at numerous facilities in the Federal Bureau of Prisons ("BOP") almost continuously since 2008.[2] (Doc. 14). He filed at least three FTCA cases in this District to address similar claims. *See White v. United States*, No. 16-cv-00968-JPG (S.D. Ill. 2016) ("2016 case"); *White v. United States*, No. 17-cv-00683-JPG (S.D. Ill. 2017) ("2017 case"); *White v. United States*, No. 18-cv-01682-JPG (S.D. Ill. 2018) ("2018 case"). The 2016 case was dismissed, and the 2017 case remains pending. In the 2018 case, Plaintiff complains that BOP officials did not preserve evidence necessary for Plaintiff to prevail on his claims in the 2016 and 2017 cases. (Doc. 14). He also claims that BOP officials denied him medical care and inflicted emotional distress at the Metropolitan Corrections Center in Chicago, Illinois (MCC-Chicago), Federal Correctional Institution in Beckley, West Virginia (FCI-Beckley), and United States Penitentiary in Marion, Illinois (USP-Marion). (*Id*.).

This Court screened the First Amended Complaint and allowed Plaintiff to proceed with the following claims:

> **Count 1:** FTCA claim arising under Illinois law for the negligent spoliation of evidence (*i.e.*, records requested in Plaintiff's 2013 and 2016 Freedom of Information Act request) by officials at MCC-Chicago.
>
> **Count 2:** FTCA claim arising under Illinois law for the negligent spoliation of evidence (*i.e.*, incident reports) by officials at USP-Marion.
>
> **Count 7:** FTCA claim arising under Illinois law for medical negligence that occurred during Plaintiff's incarceration at USP-Marion beginning on June 28, 2016.

---

[2] Plaintiff notes only two exceptions; he was released from custody for six days in 2009 and for approximately fourteen months from April 20, 2011 until June 9, 2012. (Doc. 14, pp. 3-4, at n.1-2).

2

    **Count 8:**    FTCA claim arising under Illinois law for the negligent infliction of emotional distress by officials at USP-Marion beginning on June 28, 2016.

(*See* Doc. 19, pp. 7-8).  All other claims were dismissed with prejudice.  (*Id.*).

In lieu of an Answer to the First Amended Complaint, Defendant filed a Motion to Dismiss for Failure to State a Claim on September 6, 2019.  (Doc. 25).  The Government seeks dismissal of Counts 1 and 2 under Rule 12(b)(1) as barred by 28 U.S.C. § 2680(h) and under Rule 12(b)(6) for failure to state a negligent spoliation claim under Illinois law.  (*Id.*).  The Government seeks dismissal of Counts 7 and 8 under Rule 12(b)(6) for lack of compliance with 735 ILL. COMP. STAT. § 5/2-622 and for lack of any physical injury.  (*Id.*).

Plaintiff filed a Response to the Motion to Dismiss on November 1, 2019.  (Doc. 29).  In the Response, Plaintiff argues that Counts 1 and 2 state a claim for relief under 28 U.S.C. § 2680(h) and according to Illinois law.  (*Id.* at 5).  Plaintiff maintains that Counts 7 and 8 are adequately supported by a timely-filed psychologist's report.  Moreover, both claims either satisfy the physical injury requirement or require no such showing to survive the Rule 12(b)(6) motion.

## LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to decide the adequacy of the complaint.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at

570.  When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.  *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

### Counts 1 and 2

**A.     Motion to Dismiss Under Rule 12(b)(1)**

The FTCA provides a limited waiver of the United States' sovereign immunity and allows individuals to bring an action for damages against the Federal Government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. §§ 1346(b)(1), 2671-2680; *Warrum v. United States*, 427 F.3d 1048, 1049 (7th Cir. 2005).  This waiver of sovereign immunity applies in instances where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b); 28 U.S.C. § 2674.  Plaintiff's claims arise from events that occurred in Illinois, so the substantive law of Illinois governs them.  28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978).

Under Illinois law, a spoliation claim is a form of negligence.  *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012).  The plaintiff must allege that (1) the defendant owed the plaintiff a duty to preserve evidence; (2) the defendant breached that duty; (3) the loss or destruction of evidence proximately caused the plaintiff to be unable to prove his or her underlying claim; and (4) the plaintiff suffered actual damages as a result.  *Smith v. United States*, 678 F. App'x 403, 407 (7th Cir. 2017).  At screening, the Court held that the allegations in the Amended Complaint state a claim for negligent spoliation in Counts 1 and 2.

However, Defendant now argues that the negligent spoliation claims fall within an intentional torts exception to the FTCA. *See* 28 U.S.C. § 2680(h). According to Section 2680(h), the United States retains its sovereign immunity with respect to claims arising from intentional torts, such as "misrepresentation [and] deceit." *Id*. This is true, regardless of the technical terms used to frame a claim. *Deloria v. Veterans Administration*, 927 F.2d 1009 (7th Cir. 1991). In other words, Section 2680(h) may bar claims against the United States even when they are framed as negligent misrepresentation.

The scope of the misrepresentation exception is discussed in two United States Supreme Court decisions: *United States v. Neustadt*, 366 U.S. 696 (1961) and *Block v. Neal*, 460 U.S. 289 (1983). At issue in *Neustadt* was whether the United States could be held liable under the FTCA to a purchaser of residential property who was furnished with a statement reporting the results of an inaccurate Federal Housing Authority inspection and appraisal and relied on them to pay a purchase price in excess of the property's fair market value. *Neustadt*, 366 U.S. at 697-98. The Court held that Section 2680(h) encompasses claims arising out of negligent *and* willful misrepresentation when the misrepresentation induces detrimental reliance by the plaintiff. *Id*. at 702.

In *Block*, the Court reexamined the misrepresentation exception in Section 2680(h). *Block v. Neal*, 460 U.S. 289 (1983). Plaintiff secured financing through Farmers Home Administration to construct a home and discovered post-construction defects that were partly attributable to FmHA employees' failure to properly inspect and supervise construction. The Court held that the plaintiff's claims for negligent supervision and inspection were not barred by the misrepresentation exception in Section 2680(h) because the misstatements by the FmHA employees were not essential to those claims.

The Seventh Circuit has since explained that *Neustadt* and *Block* together instruct that "a complaint alleging claims under the FTCA should be examined to determine whether the claims are based on the government's failure to use due care in communicating information upon which the recipient relies." *Janowsky v. United States*, 913 F.2d 393, 396 (7th Cir. 1990). Because negligence often underlies an inaccurate representation, a court should determine whether the "real cause of the complaint" is a misrepresentation within the meaning of Section 2680(h). *Id*. at 396-97. If so, the claim is barred by the misrepresentation exception. If not, the claim is not barred by Section 2680(h). *Id*. at 397.

The FTCA claims in Counts 1 and 2 for negligent spoliation of evidence do not arise out of misrepresentation or deceit that is barred by Section 2680(h). (Doc. 19, pp. 2-3). Count 1 arises from the negligent spoliation of maintenance records from MCC-Chicago (Doc. 14 at ¶¶ 39-59), and Count 2 arises from the negligent spoliation of incident reports from 2010 and 2011 (Doc. 14 at ¶¶ 60-74). These claims stem from the failure to adequately preserve and maintain records, not from Plaintiff's detrimental reliance on any Government misstatements. The gravamen of the complaint is the negligent performance of an operational task rather than a misrepresentation, making the instant case distinguishable from those cited by Defendant. *See e.g., O'Toole v. Acosta*, No. 14-CV-2467, 2018 WL 1469045, at *23 (N.D. Ill. March 26, 2018) (willful destruction and tampering with evidence triggered FTCA's intentional torts exception); *Deloria*, 927 F.2d at 1011 (FTCA's intentional torts exception barred claim that Veterans Administration officials deliberately misrepresented and distorted veteran's medical records, resulting in denial of disability benefits). Accordingly, the Government cannot rely on Section 2680(h) to avoid liability under the FTCA, and Defendant's motion to dismiss Counts 1 and 2 on under Rule 12(b)(1) or (6) on this basis shall be denied. *Omegbu v. United States*, 475 F. App'x 628, at *2 (7th Cir. 2012)

(intentional torts exception is a mandatory rule of exception not a restriction on subject matter jurisdiction).

**B.      Motion to Dismiss Under Rule 12(b)(6)**

Defendant is entitled to relief under Rule 12(b)(6).  As previously stated, a spoliation claim requires the plaintiff to establish duty, breach, causation, and damages.  *Martin*, 979 N.E.2d at 27.  This claim is a derivative claim and not an independent cause of action.  *Smith*, 678 F. App'x at 406 (citing *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995)).  The negligent spoliation claim fails if the underlying suit lacks merit regardless of the lost or destroyed evidence.  *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509-10 (7th Cir. 2007) (citing *Gawley v. Ind. Univ.*, 276 F.3d 301, 316 (7th Cir. 2001)).

Count 1 arises from an FTCA claim challenging the conditions of confinement at MCC-Chicago's SHU.  Plaintiff maintains that the BOP failed to produce records pursuant to his 2013 and 2016 Freedom of Information Act ("FOIA") request, and these records were "integral pieces of evidence" that supported his claims in *White v. United States*, No. 17-cv-00683-JPG.  (Doc. 14, ¶ 56).  The BOP's failure to produce the requested records allegedly resulted in monetary damages of $500 million.  (*Id.*).

However, the Court takes judicial notice of the fact that Plaintiff's claim regarding his detention at MCC-Chicago's SHU was repeatedly dismissed as time-barred and not because of any spoliation of evidence.  On November 22, 2016, the Court dismissed all claims relating to his conditions of confinement in MCC-Chicago's SHU as time-barred in *White v. United States*, No. 16-cv-00968-JPG, 2016 WL 6872973 (S.D. Ill.) (Doc. 15).  On August 25, 2017 and again on July 24, 2019, the Court dismissed Plaintiff's MCC-Chicago SHU claims as untimely in *White v. United States*, No. 17-cv-00683-JPG-MAB (S.D. Ill.) (Docs. 16 and 72).

7

Similarly, Count 2 is an FTCA claim against the United States for the negligent spoliation of certain incident reports from September 2010 to March 2011.  Plaintiff specifically alleges that the BOP's loss of disciplinary reports from this time period deprived him of evidence necessary to bring FTCA claims against the United States for torture and exposure to RES in the SHU. (Doc. 14, ¶¶ 70-74).  However, Plaintiff has not demonstrated any causal connection between the disciplinary reports and the conditions he encountered during this time period in the SHU.  At the time, he was confined at FCI-Beckley.  (Doc. 14, p. 4).  Plaintiff's claims stemming from his confinement at FCI-Beckley's SHU were also dismissed repeatedly on timeliness grounds, not for lack of information that might be contained in disciplinary reports.  The Court dismissed all claims related to the conditions of his confinement in FCI-Beckley's SHU as being time-barred on November 22, 2016 in *White v. United States*, No. 16-cv-00968-JPG, 2016 WL 6872973 (S.D. Ill.) (Doc. 15).  The Court dismissed these claims on August 25, 2017 and July 24, 2019 in *White v. United States*, No. 17-cv-00683-JPG-Mag (S.D. Ill.) (Docs. 16 and 72).

Given that the underlying claims were dismissed as untimely and for reasons unrelated to lost or destroyed evidence, the spoliation claims fail.  *Borsellino*, 477 F.3d at 509-10 (citing *Gawley*, 276 F.3d at 316).  Plaintiff cannot show causation or damages resulting from any spoliation of evidence.  Contrary to Plaintiff's assertion, this finding does not require the Court to analyze the timeliness of the claims that were previously dismissed on statute of limitations grounds in the 2016 or 2017 cases.  The Court has instead taken judicial notice of these prior decisions, which it can do even at this stage.  *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases); *Opaka v. INS*, 94 F.3d 392, 394 (7th Cir 1996) (federal courts can take judicial notice of the decisions of federal and non-federal courts).  Having considered the

derivative claims in light of Rule 12(b)(6), the Court now finds that Counts 1 and 2 are subject to dismissal with prejudice for failure to state a claim.

## Counts 7 and 8

Defendant's request for dismissal of Counts 7 and 8 pursuant to Rule 12(b)(6) shall be denied. The Government seeks dismissal on two grounds. First, Defendant argues that Plaintiff failed to produce the documentation required by 735 ILL. COMP. STAT. § 5/2-622 in support of these claims. Second, Defendant asserts that the claim cannot proceed, even at this early stage, without a showing a physical injury. The Court is unpersuaded by both arguments.

As for the first argument, Illinois law requires a Plaintiff pursuing any action for injuries or death by reason of medical, hospital, or other healing art malpractice to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, along with a health professional's report in support of the affidavit. *See* 735 ILCS § 5/2-622. This requirement applies to malpractice litigation in federal court because § 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). Because the United States is liable under the FTCA to the same extent as a private person, courts apply § 5/2-622 to FTCA claims arising from medical negligence. 28 U.S.C. § 1346(b)(1).

Whether the § 5/2-622 affidavit and report must be submitted along with the Complaint— or at any point prior to summary judgment—is a question the Seventh Circuit Court of Appeals answered in the negative *after* Defendant file the motion to dismiss Counts 7 and 8. *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). In *Young*, the Seventh Circuit held that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622" pursuant to Rule 12(b)(6). Dismissal for failure to provide the documentation

9

described in § 5/2-622 should occur *on summary judgment* and not on a motion to dismiss under Rule 12(b)(6):

> . . . [a] motion to dismiss asserts that a complaint is defective. A motion for summary judgment asserts that evidence of record would not permit a reasonable jury to find for the non-moving party. A prisoner may have insuperable difficulty obtaining a favorable physician's report before filing a complaint, so if a complaint not accompanied by a § 5/2-622 affidavit is defective, many a prisoner will be unable to litigate a malpractice claim. But if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability.

*Id*. at 351. Following the Seventh Circuit's decision in *Young*, Defendant promptly acknowledged that Rule 12(b)(6) provided the improper procedural mechanism for requesting dismissal of these claims. (*See* Doc. 19, pp. 5-6).

In light of *Young*, the Court shall deny Defendant's motion to dismiss Counts 7 and 8 for noncompliance with Section 5/2-622. Plaintiff must file an affidavit and medical report in compliance with Section 5/2-622 and *Young* on or before the deadline for filing summary judgment motions. *Young v. United States*, 942 F.3d 349 (7th Cir. 2019). To the extent Plaintiff has already done so, this decision does not create a new obligation. However, Plaintiff may supplement or replace the existing affidavit and report, if necessary. Likewise, Defendant may renew the request for dismissal of these claims by filing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Young*, 942 F.3d at 351 (recognizing that a motion for summary judgment on this basis can be submitted with an answer or "at any time" thereafter).

Second, Defendant's request for dismissal of Counts 7 and 8 based on Plaintiff's failure to establish a physical injury shall likewise be denied. The Court acknowledges that the FTCA prohibits the recovery of compensatory damages for mental or emotional injuries without any showing of a physical injury. 28 U.S.C. § 1346(b)(2). Section 1346(b)(2) states, "No person

convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." This is consistent with the Prison Litigation Reform Act, 42 U.S.C. § 1997e, which limits recovery for mental or emotional injuries in federal civil actions brought by a prisoner to those with a prior showing of physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. However, the Seventh Circuit has decreed that this latter provision does not bar the actual filing of a suit but instead serves as a limitation on damages.[3] *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). Therefore, Defendant's request for dismissal of Counts 7 and 8 on this basis shall be denied.

## DISPOSITION

Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 25) is **GRANTED in part and DENIED in part**, as follows:

- Defendant's Motion to Dismiss Counts 1 and 2 pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

- Defendant's Motion to Dismiss Counts 7 and 8 pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.

- Defendant's Motion to Dismiss Counts 1 and 2 pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**, and this dismissal is with prejudice. The Clerk of Court shall enter judgment accordingly at the close of this case.

Defendant is **ORDERED** to file an Answer to the First Amended Complaint (Docs. 14 and 23-1) on or before **October 10, 2020**.

---

[3] Without a physical injury, a plaintiff can only recover nominal damages, punitive damages, and fees. *Calhoun v. DeTella*, 319 F.3d at 940.

**DATED:  September 21, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**