IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01682-JPG |
| | ) |
| USA, | ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Plaintiff William A. White's Motion for Leave to File Second Amended Complaint filed August 30, 2021. (Doc. 54). Because good cause does not exist to grant this motion and allow White to add a new defendant and eighteen new claims under the Privacy Act, 5 U.S.C. § 552a, the motion shall be **DENIED**.

### BACKGROUND

In this action, White asserts claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for the negligent spoliation of evidence, denial of medical care, and infliction of emotional distress by officials at three facilities in the Federal Bureau of Prisons (BOP) dating back to 2008. (*See* Docs. 1 and 14). Following preliminary review of the First Amended Complaint (Doc. 14) under 28 U.S.C. § 1915A, he was allowed to proceed with four claims, identified as Counts 1, 2, 7, and 8. (Doc. 19). All other claims were dismissed with prejudice, including Counts 3, 4, 5, and 6. (*Id.*).

Counts 1 and 2 arose from the negligent spoliation of evidence. Although these claims survived screening, they were later dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 33). This dismissal was with prejudice. (*Id.*).

1

This left Count 7, stemming from allegations of medical negligence, and Count 8, arising from allegations of negligent infliction of emotional distress. (Doc. 19). In connection with these claims, White alleged that the conditions of his confinement in the BOP led him to develop post-traumatic stress disorder (PTSD), which BOP officials failed to diagnose and treat at institutions including the United States Penitentiary in Marion, Illinois (USP-Marion). At the same time, these officials falsified medical records to conceal his treatment requests. White maintained that this conduct amounted to medical negligence (Count 7) and negligent infliction of emotional distress (Count 8). Both claims survived review under Section 1915A and Rule 12(b)(6). (*See* Doc. 33, p. 10) (citing *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)).

However, the Court warned White that one or both claims would be dismissed at summary judgment under Federal Rule of Civil Procedure 56, if White did not file the affidavit and medical report described in 735 ILCS § 5/2-622. (*Id*.). The Government moved for summary judgment on this basis in October 2020. (Doc. 36). Defendant specifically requested dismissal of Counts 7 and 8 for noncompliance with 735 ILCS § 5/2-622. (*Id*.). White's counsel filed a Response in opposition to the motion in November 2020. (Doc. 37). White then moved for dismissal of his counsel, which was granted in February 2021 and, proceeding *pro se*, filed two additional responses to the pending summary judgment motion. (*See* Docs. 41-43). After reviewing all submissions, the Court held that White failed to support the medical malpractice claims in Counts 7 and 8 with the affidavit and medical report required under § 5/2-622, despite having ample opportunity to do so. (Docs. 44 and 55). The Court dismissed Count 7, in its entirety, and Count 8, only to the extent it duplicated the medical malpractice claim in Count 7. (*Id*.). The dismissal of both claims was with prejudice.

The only remaining claim in this action was the portion of Count 8 that amounted to a

standalone FTCA claim against the United States for negligent infliction of emotional distress (NIED) resulting from the falsification of White's medical records in order to conceal his requests for PTSD treatment. (*Id*.).

## MOTION TO AMEND COMPLAINT

Against this backdrop, White submitted a motion for leave to file a second amended complaint on August 30, 2021. (Doc. 54). He acknowledged that the deadline for filing the motion expired twenty months earlier. (*Id*.) (citing Doc. 27) ("Plaintiff shall have until January 2, 2020, to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment o[f] the complaint except for good cause shown**.") (emphasis in original). Even so, White argues that he had 45 days from the date he received initial disclosures to amend the complaint, according to the Initial Scheduling and Discovery Order. (*Id*. at 2). Although the Government's deadline for producing initial disclosures to White was November 18, 2019, he received no "discovery"[1] materials until July 23, 2021, and he filed the motion less than 45 days later. (*Id*. at 1-2).

White points to numerous reasons for his delay. He blames his former attorney for abandoning the case in late 2020. (*Id*. at 2). He blames COVID-related lockdowns from April 2020 until September 2020 for delays in communications with his counsel about discovery prior to that time. (*Id*.). White claims that he moved promptly to dismiss his attorney and request copies of all discovery in January and February 2021. (*Id*.). He points to the Court's decision in June 2021 to "shift the gravamen of this complaint from the failure to provide necessary medical care to the falsification of records to cover up that failure." (*Id*.) (citing Doc. 44).

---

[1] White appears to have used "initial disclosures" and "discovery" interchangeably when referring to the initial disclosures. (Doc. 54). According to the Initial Scheduling and Discovery Order, the Government's initial disclosures were due on or before November 18, 2019. (Doc. 27). However, discovery on the merits was stayed pending resolution of the issue of exhaustion of administrative remedies. (*Id*.).

3

According to White, the materials he received in July 2021 reveal additional instances of records falsification that continued through 2021. (*Id.*). He maintains that his claims for the falsification of records by federal employees are properly brought under the Privacy Act, 5 U.S.C. § 552a. (Doc. 54). Therefore, he seeks to add the Federal Bureau of Prisons as a defendant in connection with sixteen claims related to the falsification of medical records and two claims for falsification of other records "for good cause shown." (*Id.*).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a complaint once as a matter of course early in the case. FED. R. CIV. P. 15(a)(1). White already amended his original complaint in March 2019. (*See* Doc. 14). In all other instances, a party may amend only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). White now seeks the Court's permission to file his second amended complaint without consent of the opposing party. (*See* Docs. 54 and 56). Where the opposing party does not consent to an amendment, the Court will grant leave to amend a complaint when justice so requires. *Id*. Leave may be denied, however, when there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

According to the Initial Scheduling and Discovery Order, the motion for leave to amend was due on or before January 2, 2020. (Doc. 27). White filed this motion on August 30, 2021, twenty months after this deadline expired. (Doc. 54). Given the delay, the Court will consider whether good cause exists to extend this deadline and allow the amendment, as required by the Initial Scheduling and Discovery Order and Federal Rule of Civil Procedure 16. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011); FED. R. CIV. P. 16(b)(4) (providing that

scheduling deadlines may be modified "for good cause and with the judge's consent"). *See also* Doc. 27 (**Failure to file a motion for leave to amend by [January 2, 2020] will likely bar further amendment o[f] the complaint except for good cause shown**.") (emphasis in original).

White has not demonstrated good cause for this delay. He filed the motion three years after filing his Complaint (Doc. 1) in September 2018; two-and-a-half years after filing a First Amended Complaint (Doc. 14) and being allowed to proceed with four of his eight FTCA claims (Counts 1, 2, 7, and 8) (Doc. 19) in March 2019; two years after counsel filed a Supplement to the First Amended Complaint (Doc. 23) in August 2019; over eighteen months after the deadline to amend expired (Doc. 27) in January 2020; twelve months after two of his four remaining claims (Counts 1 and 2) were dismissed under Rule 12(b)(6) (Doc. 33) in September 2020; six months after opting to proceed *pro se* (Doc. 41) in February 2021; two months after his remaining two claims (Counts 7 and 8, in part) were dismissed on summary judgment under Rule 56 (Doc. 44 and 55) in June 2021; and after his FTCA claims in Counts 1 through 8 (in part) were dismissed with prejudice at screening under Section 1915A (Counts 3 through 6), after screening under Rule 12(b)(6) (Counts 1 and 2), and at summary judgment under Rule 56 (Counts 7 and 8, in part) (Docs. 19, 33, 44, 55).

White has not adequately explained why he failed to file a motion for an amended scheduling order or a motion seeking an extension of the deadline to amend the complaint at any point in time before August 2021. Counsel represented him prior to and on the original deadline that occurred in January 2020, but did not file a motion for an extension on his behalf. Although White points to "abandonment" of this case by his attorney, the Court notes that White cited no such reason in his motion seeking dismissal of his counsel,[2] instead blaming him for errors in

---

[2] In his Motion to Dismiss Counsel, White states: "1. In related litigation, *White v. United States*, Case No. 17-cv-683-JPG, counsel C. Blane Osman misled me and failed to report to the Court funds received to pay for expert witnesses and other costs, resulting in this Court knowingly entering a fraudulent Order claiming that 'I' had misled it, part of this Court's longstanding habit of knowingly misapplying the law. 2. Because

another lawsuit altogether. (*See* Doc. 40). The Court further notes that his attorney actively worked the case from 2018 until early 2021, as evidenced by counsel's many regular filings in this matter. (*See, e.g.,* Docs. 8, 10-11, 14-16, 18, 20-23, 26, 29, 32, and 37). Regardless, White has represented himself since February 2021 and still offers no reason for failing to request an amended scheduling order or new deadline to amend the complaint. (Doc. 41). Moreover, the "new" information prompting his proposed amendment consists of the Government's initial disclosures that were due November 18, 2019, and should have been available to White on or around that date. (Doc. 27). The Court finds that White has has not shown good cause for his delay in seeking an extension of the deadline to amend or for his delay in submitting the proposed second amended complaint. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854-55 (7th Cir. 2017).

At this stage, adding eighteen claims and a new defendant to this action would prejudice the defendant and would also be futile. The First Amended Complaint named the United States in connection with eight FTCA claims that arose at various BOP facilities between 2008 and 2018. These eight claims have been narrowed over the course of three years to a single claim (*i.e.*, part of Count 8). As it stands, White may proceed with that portion of Count 8 that represents a standalone claim under the FTCA against the United States for the negligent infliction of emotional distress arising from the falsification of his medical records. The allegations offered in support of this claim are set forth at Paragraph 134(D) of the First Amended Complaint. (*See* Doc. 14, pp. 33-34). There, White alleges that since his incarceration at the United States Penitentiary in Marion, Illinois, in 2016, BOP doctors and employees, including Dr. J. Munneke, "falsified records to indicate Plaintiff had no interest in receiving treatment when in actuality no treatment

---

Counsel's errors have already caused me problems, and, this Court is ill-disposed to the niceties of the law and evidence, I can't afford to have counsel make errors in this case that may carry penalties for me." (Doc. 40). White offers no other reason for requesting Attorney Osman's dismissal as counsel in this case.

was offered to Plaintiff." (*Id*. at 34).  This caused him to suffer emotional distress. (*Id*.).  In the proposed amendment, White sets forth allegations that date back to 2008 and forward to 2021. He seeks to reinstate his eight FTCA claims (Counts 1 through 8) against the United States and add eighteen new Privacy Act claims (Counts 9 through 11, with sixteen subparts) against the Federal Bureau of Prisons for misconduct that spans all thirteen years from 2008 to 2021.  Allowing the amendment would trigger an entirely new round of litigation that would prejudice the United States, in light of the three years this defendant has already devoted to narrowing the eight claims to one.

Moreover, amendment would be futile.  Counts 1 through 8 (in part) were already dismissed with prejudice, so the Court would not reinstate these claims anyway.  Moreover, Counts 9 through 11 should have been brought as a separate action altogether, given that White attempts to bring these new claims against a new defendant based on different facts than he has relied upon to bring his prior claims.  In the absence of good cause for seeking an extension of the deadline to amend, the undue delay associated with this request, and the futility of the amendment at this stage, the Court must deny the motion.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Motion for Leave to File Second Amended Complaint (Doc. 54) is **DENIED**.  The only claim that remains is that portion of Count 8 consisting of a standalone FTCA claim against the United States for the negligent infliction of emotional distress arising from the falsification of records as described in the First Amended Complaint (Doc. 14, pp. 32-34).

**IT IS SO ORDERED.**

**DATED: 3/14/2022**

<u>s/J. Phil Gilbert</u><br>
**J. PHIL GILBERT**<br>
**United States District Judge**