IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE, #13888-084, ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> USA, ) <br> ) <br>        **Defendant.** ) | Case No. 18-cv-01682-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant USA's motion to dismiss for lack of prosecution filed August 23, 2022. (Doc. 60). The Government seeks dismissal of the action with prejudice based on William White's failure to update his address and/or prosecute his claims. (*Id*.). For the reasons set forth herein, the motion shall be **GRANTED**.

### Background

Plaintiff William White filed this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for negligent spoliation of evidence, denial of medical care, and infliction of emotional distress by officials at three facilities in the Federal Bureau of Prisons (BOP) dating back to 2008. (*See* Docs. 1, 14). After screening the First Amended Complaint (Doc. 14) under 28 U.S.C. § 1915A, this Court allowed White to proceed with four claims, identified as Counts 1, 2, 7, and 8, and dismissed three other claims, identified as Counts 3, 4, 5, and 6, with prejudice. (Doc. 19).

Counts 1 and 2 arose from the negligent spoliation of evidence. The claims survived screening, but they were later dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 33). This dismissal was with prejudice. (*Id*.).

1

Two claims remained: Counts 7 and 8. Count 7 stemmed from allegations of medical negligence, and Count 8 arose from allegations of negligent infliction of emotional distress. (Doc. 19). These claims survived review under Rule 12(b)(6). (*See* Doc. 33, p. 10) (citing *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)). However, the Court warned White that they would be dismissed at summary judgment, if he did not support them with the affidavit and medical report described in 735 ILCS § 5/2-622. (*Id.*). The Government then moved for summary judgment on Counts 7 and 8 for noncompliance with 735 ILCS § 5/2-622, prompting the Court to dismiss Count 7, in its entirety, and Count 8, to the extent it duplicated the medical malpractice claim in Count 7. (Docs. 36, 44, 55). The dismissal of both claims was with prejudice. (Docs. 44, 55). As of September 9, 2021, the only remaining claim was the "standalone FTCA claim against the United States for negligent infliction of emotional distress (NIED) resulting from the falsification of White's medical records in order to conceal his requests for PTSD treatment" in Count 8.[1] (*Id.*).

On October 4, 2021, White attempted to file an interlocutory appeal of the Court's summary judgment decision, but the Court returned the notice of appeal to him citing a districtwide filing restriction that took effect on September 27, 2021.[2] White complained about the return of this notice of appeal in two appeals challenging the filing restriction, in *White v. Collis, et al.*, App. No. 21-2881 and *White v. USA*, App. 21-2835. However, he did not re-file the notice of appeal in this case. Records show no other filings made or attempted by White since October 4, 2021.

---

[1] On August 30, 2021, White sought leave to file a second amended complaint in order to add a new defendant and eighteen new claims pursuant to the Privacy Act, 5 U.S.C. § 552a, but his motion was denied. (*See* Docs. 54, 59).

[2] The districtwide filing restriction prohibited White from filing any new civil actions and any pleadings in a pending or new action. *See White v. Collis, et al.*, Case No. 20-cv-01117-JPG (Doc. 24) and *White v. USA*, Case No. 17-cv-00683-JPG (Doc. 116). The Seventh Circuit Court of Appeals later stayed that portion of the filing restriction extending to notices of appeal pending its review of the districtwide filing restriction. *See White v. United States of America*, Case Nos. 21-2835 and 21-2881 (7th Cir. Jan. 5, 2022). However, the filing restriction against White was ultimately affirmed. *See White v. United States of America*, Case Nos. 21-2835 and 21-2881 (7th Cir. June. 16, 2022).

**Motion to Dismiss for Failure to Prosecute**

Almost a year later, the Government moved for dismissal of this action based on White's failure to prosecute his remaining claim. (Doc. 60). The Government points out that White has taken no steps to move his remaining claim forward in the past year. (*Id*.). He has also failed to notify the Court of his address changes. (*Id*. at ¶¶ 3-7). The motion states: "BOP transferred Plaintiff from USP Marion to USP Terre Haute on January 16, 2022. (Att. 1). Since then, BOP has also transferred Plaintiff to FCI Cumberland where he is presently housed." (*Id*.) (citing *White v. Fields, et al.*, Case No. 20-cv-751-NJR (*see* Docs. 37, 40)). Even so, the Court has received no address change notification from him in this matter. Because White has evidenced his intent to abandon what remains of Count 8, the Government asks that this case be dismissed with prejudice based on his failure to prosecute his claim herein. (Doc. 60, ¶¶ 8-9, 11).

**Discussion**

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order." *See* FED. R. CIV. P. 41(b). However, it is not always necessary for a defendant to file a motion. A district court has inherent authority to dismiss an action *sua sponte* for want of prosecution. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006). Dismissal is just one of the tools available to a court "to achieve the orderly and expeditious disposition of cases." *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Dismissal is a harsh sanction and should only be used "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions

have proven unavailing." *Williams*, 155 F.3d at 857 (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)).

In this particular case, the Court deems dismissal appropriate. Beyond filing his notice of interlocutory appeal, White has taken no other action to move this matter forward in the past year. At the same time, he has continued to litigate other cases. *See, e.g., White v. Collis, et al.*, App. No. 21-2881; *see also White v. USA*, App. 21-2835. In fact, he has litigated his appeals from start to finish. *Id*.

White has also disregarded Local Rule 3(b) and this Court's Order to promptly notify the Court of any address change that occurs while a case is pending. *See* SDIL-Local Rule 3(b). This Court advised White of his ongoing obligation to timely notify the Court of his whereabouts:

> You are ADVISED that you have a continuing obligation to keep the Clerk and each opposing party informed of any change in your address. The Court will not independently investigate your whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to do so may result in a dismissal of this action for want of prosecution.

(*See, e.g.,* Doc. 3, pp. 1-2). The Court issued White this notice when opening this case. (*Id*.). He also received a notice and reminders in the other cases he filed in this District. *See, e.g., White v. USA*, Case No. 17-cv-00683-JPG (Doc. 4, pp. 1-2) (same); *White v. Collis, et al.*, Case No. 20-cv-01117-JPG (Doc. 3) (stating "you are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of your case."). He disregarded Local Rule 3(b) and this Court's Order in Doc. 3.

White has not updated his address in this case. This is in direct violation of the Court's Order to timely do so (*see* Doc. 3). This is also in direct violation of Local Rule 3(b). Public records confirm that White is now housed at the Federal Correctional Institution in Cumberland,

Maryland (FCI-Cumberland).[3]  *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Despite his transfer from USP-Marion in January 2022 and his subsequent transfer to FCI-Cumberland, the Court has heard nothing from him in this matter since October 2021.  And, although he has been subject to a filing restriction in this District, the restriction does not prevent him from updating his address.  *See White v. Collis, et al.*, Case No. 20-cv-01117-JPG (Doc. 24) (prohibiting White from filing new civil actions and any pleadings in a pending or new action) and *White v. USA*, Case No. 17-cv-00683-JPG (Doc. 116) (same).  He has failed to comply with the Order to notify the Court in this case about his address changes.

White's related case, arising from the same facts and seeking injunctive relief, was dismissed in June 2022.  *See White v. Fields, et al.*, Case No. 20-cv-00751-NJR (*see* Doc. 40). Dismissal was based, in part, on his failure to update his address and, in part, on his now-moot request for injunctive relief.  (*Id.*).  This dismissal prompted no action on White's part to update his address in this matter or to further litigate that portion of Count 8 that survived summary judgment in September 2021.

In addition, White failed to respond to the motion to dismiss that is now before this Court. The deadline for doing so expired on September 22, 2022.  He made no request for an extension of time to respond.  By all indications, he simply abandoned what was left of Count 8 after all other claims in this case were dismissed.  Accordingly, the remaining portion of Count 8, and now this entire action, shall be dismissed with prejudice.  FED. R. CIV. P. 41(b).

---

[3] *See* https://bop.gov/inmateloc/ (site last visited Oct. 10, 2022).

**Disposition**

**IT IS HEREBY ORDERED** that Defendant USA's Motion to Dismiss for Lack of Prosecution (Doc. 60) is **GRANTED**. The remainder of Count 8, not already dismissed, and this entire action are **DISMISSED** with prejudice based on White's failure to comply with SDIL-Local Rule 3(b) and this Court's Order (Doc. 3) to timely notify the Court of any address changes in this case and due to White's failure to prosecute his claim herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/6/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**